1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

| | |
|---|---|
| CHUCK CHAIYAKUL, | Case No.: 2:22-cv-01650-RFB-MDC |
| Petitioner | **Order Granting Leave to File Second-Amended Petition and Setting Briefing Schedule** |
| v. | |
| WARDEN OF HIGH DESERT STATE PRISON, *et al*., | (ECF No. 13) |
| Respondents. | |

On April 7, 2023, this court granted 28 U.S.C. § 2254 habeas corpus petitioner Chuck Chaiyakul's motion for counsel and appointed the Federal Public Defender to represent Chaiyakul in this action. (ECF No. 5.) On May 10, 2023, C.B. Kirschner of the Federal Public Defender's Office appeared as counsel on behalf of Chaiyakul. (ECF No. 10.) The FPD filed a protective first-amended petition and also filed a motion for leave to file a second-amended petition once she completes investigation and review of Chaiyakul's case. (ECF Nos. 11, 13.) Respondents filed a notice of non-opposition to the motion for leave to amend. (ECF No. 14.) Good cause appearing, the motion is granted. The court also now sets a schedule for further proceedings in this action.

IT IS THEREFORE ORDERED that petitioner's motion for leave to file a second-amended petition **(ECF No. 13) is GRANTED**.

IT IS FURTHER ORDERED that counsel for petitioner meet with petitioner as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time in this action and that the failure to do so will likely result in any omitted grounds being barred from future review.

IT IS FURTHER ORDERED that petitioner has **90 days** from the date of this order to file and serve on respondents a second-amended petition for writ of habeas corpus.

IT IS FURTHER ORDERED that respondents have **45 days** after service of an amended petition within which to answer, or otherwise respond to, the amended petition. Any response filed should comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses,

including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that, when respondents file an answer or other responsive pleading, petitioner will have **30 days** after service of the answer or responsive pleading to file and serve his response.

IT IS FURTHER ORDERED that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed also must be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

IT IS FURTHER ORDERED that, at this time, the parties send courtesy copies of any responsive pleading and all indices of exhibits only to the Reno Division of this Court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED: 29 January 2024.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**