UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHUCK CHAIYAKUL, | Case No. 2:22-cv-01650-RFB-MDC |
| Petitioner, | **ORDER** |
| v. | |
| WARDEN OF HIGH DESERT STATE PRISON, *et al.*, | |
| Respondents. | |

In his 28 U.S.C. § 2254 Second Amended habeas corpus Petition, Petitioner Chuck Chaiyakul challenges his conviction by guilty plea of second-degree murder. ECF No. 20. He argues that his counsel was ineffective at sentencing. Respondents have filed a Motion to Dismiss, arguing that his claim is unexhausted. ECF No. 23. For the following reasons, the Court denies the Motion and defers a decision on whether the single claim is procedurally defaulted to the merit's determination.

**I.    BACKGROUND**

In July 2020, Chaiyakul pleaded guilty to second-degree murder with use of a deadly weapon. He was convicted of shooting his girlfriend while on methamphetamine when they were arguing in the car as he drove. He then drove around until she died. He ultimately put her in a barrel in his garage and covered her with ammonia. Her body was still in the garage when police discovered it. The state district court sentenced Chaiyakul to ten years to life on the murder count and eight to twenty years for the deadly weapon enhancement. Judgment of conviction was

entered on October 21, 2020. Chaiyakul did not file a direct appeal, and the Nevada Court of Appeals affirmed the denial of his state postconviction petition in September 2022.

Chaiyakul also dispatched his federal petition for mailing in September 2022. ECF No. 6. This Court granted his motion for appointment of counsel. See ECF No. 5. Chaiyakul's Second Amended Petition sets forth a single ground:

> Ground One: Counsel was ineffective at sentencing when he appeared remotely and failed to object to Chaiyakul appearing remotely in violation of Chaiyakul's Sixth Amendment rights.

ECF No. 20.

Respondents now move to dismiss the petition because the claim is unexhausted. ECF No. 23. Chaiyakul opposed, and respondents replied. ECF Nos. 31, 36.

## II. LEGAL STANDARDS

### A. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." Picard v. Connor, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. Ybarra v. Sumner, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing Picard, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to

correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. Bland v. California Dept. Of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. See Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988); Pappageorge v. Sumner, 688 F.2d 1294, 1295 (9th Cir. 1982); Johnstone v. Wolff, 582 F. Supp. 455, 458 (D. Nev. 1984).

**B.  Procedural Default**

With respect to procedural default, in Coleman v. Thompson, the Supreme Court held that a state prisoner who fails to comply with state law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the

conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. Murray v. Carrier, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray, 477 U.S. at 488.  For cause to exist, the external impediment must have prevented the petitioner from raising the claim. See McCleskey v. Zant, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989) (citing United States v. Frady, 456 U.S. 152, 170 (1982)).

In Martinez v. Ryan, the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. 566 U.S. 1 (2012).  The Martinez Court stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17; see also Trevino v. Thaler, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under Martinez).

### III. DISCUSSION

Here, Chaiyakul acknowledges that his claim that his counsel was ineffective at sentencing is unexhausted and that the state courts would find it procedurally barred if Chaiyakul returned to present it to state court. But he argues that he can demonstrate cause and prejudice to overcome the procedural bars. Respondents dispute that his postconviction counsel performed deficiently and that he was prejudiced under Strickland v. Washington, 466 U.S. 668 (1984). Respondents also dispute that the claim is substantial under Martinez.

- 4 -

The parties now agree that because the question of procedural default is intertwined with the underlying merits of the claims, full merits briefing may assist the Court with its determinations, and bests serves judicial efficiency. The Court agrees and therefore a decision on whether the claim is procedurally defaulted from federal review to the merits adjudication.

### IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that Respondents' (ECF No. 23) motion to dismiss is **DENIED**. A decision on whether Petitioner's Second Amended habeas corpus Petition is procedurally defaulted is **DEFERRED** to the merits review.

**IT IS FURTHER ORDERED** that Respondents shall file their answer to the Second Amended Petition within 60 days of the entry of this Order.

**IT IS FURTHER ORDERED** that Petitioner shall file his reply in support of the Petition within 45 days of the entry of this Order.

**DATED:** August 25, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**